**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:25-CR-38-6 |
| | § | |
| KELLEE SIMS | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Kellee Sims's ("Sims") Motion to Dismiss Count One for Duplicity; Alternatively, for Election, a Bill of Particulars and Protective Jury Instructions; with Notice of Limited Joinder in Dockets 371 and 376 (#404). The Government filed a response (#481). Having considered the motion, the Government's response, the record, and applicable law, the court is of the opinion that the motion should be denied.

I. Background

On February 5, 2026, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a First Superseding Indictment (#110), naming Sims and seven codefendants.[1] On September 2, 2026, a federal grand jury in the Eastern District of Texas, Beaumont Division, returned a Second Superseding Indictment (#225), which substantially limited the charges against all eight codefendants, including Sims, to a single count of Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349. On September 25, 2026, the Government filed an Amended Notice of Penalty (#277) and Bill of Particulars (#278).

[2] The First Superseding Indictment charged Sims in Count One with Conspiracy to Commit Bank Fraud and Wire Fraud, in violation of 18 U.S.C. § 1349, in Counts Sixteen and Seventeen with Wire Fraud, in violation of 18 U.S.C. §§ 1343, 2, in Count Eighteen with Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(h), and in Count Nineteen with Money Laundering, in violation of 18 U.S.C. § 1957, 2.

On November 9, 2026, Brooke Crawford ("Crawford") filed a Motion to Dismiss Count One of the Second Superseding Indictment as Duplicitous, or, in the Alternative, to Compel Election and for Protective Jury Instructions (#371). On November 11, 2026, Rian Graham ("R. Graham") also filed a Motion to Dismiss Count One as to Her or, Alternatively, for a Bill of Particulars and Protective Instructions, with Notice of Joinder in Docket 371 (#376). On November 15, 2026, Sims filed the pending Motion to Dismiss Count One for Duplicity; Alternatively, for Election, a Bill of Particulars and Protective Jury Instructions; with Notice of Limited Joinder in Dockets 371 and 376 (#404). The Government filed a Response to Defendant Kellee Sims' Motion to Dismiss (#481) on November 20, 2026. Jury Selection and Trial are currently scheduled to begin on November 30, 2026.

## II. Analysis

### A. One Conspiracy

Sims raises duplicity and lack of specificity, challenging "the combination of the distinct transactions." Similar to Crawford's and R. Graham's Motions to Dismiss, Sims broadly identifies three categories of conduct: (1) the 2019 investment solicitations; (2) the June 2020 Small Business Administration ("SBA") applications; and (3) the 2024 Carolina's Contracting acquisition. Sims contends that such conduct reflects "distinct agreements improperly combined in one count."

To determine if there is a single conspiracy, the United States Court of Appeals for the Fifth Circuit considers: "(1) the existence of a common goal; (2) the nature of the scheme; and (3) the overlapping of the participants in the various dealings." *United States v. Shah*, 95 F.4th 328, 361 (5th Cir. 2024) (quoting *United States v. Beacham*, 774 F.3d 267, 273 (5th Cir. 2014)).

Regarding the first prong, the Second Superseding Indictment asserts a common goal of personal enrichment "by obtaining money from individual and institutional victims by means of materially false and fraudulent pretenses, representations, and promises." Sims recognizes that this prong may consist of a "broad financial objective." Indeed, the Fifth Circuit interprets "the 'existence of a common goal' broadly" with "a common pursuit of personal gain" being "sufficient." *Id.* Here, the Second Superseding Indictment sufficiently alleges a common goal of personal gain shared by all the conspirators.

As to the second prong, "if the activities of one aspect of the scheme are necessary or advantageous to the success of another aspect then that supports a finding of a single conspiracy." *Id.* The Government, in its response, highlights that the Mildred Drake Family Trust ("MDFT") is the common scheme from which all the defendants "grifted off" of during the conspiracy. The court finds that the MDFT fraud scheme was advantageous and central to the success of the entire enterprise. The 2019 investment solicitations, 2020 SBA loan applications, and 2024 acquisition all stem from the promotion, maintenance, and masquerade of the MDFT fraud. The Second Superseding Indictment explains that proceeds from the 2024 acquisition were used to fund payments made to the victims of the 2019 investment solicitation scheme. Thus, the 2024 acquisition was advantageous to the continued deception of the 2019 investment participants. Accordingly, there is sufficient interrelatedness across the three identified categories of conduct to support the charge of a single conspiracy.

Finally, the third prong considers the overlap of the participants. *Id.* "[T]here is no requirement that every member must participate in every transaction to find a single conspiracy." *United States v. Quintanilla*, 114 F.4th 453, 467 (5th Cir. 2024). Instead, "[a] single conspiracy

exists where a 'key man' is involved in and directs illegal activities, while various combinations of other participants exert individual efforts toward a common goal." *Shah*, 95 F.4th at 362 (alteration in original) (quoting *United States v. Richerson*, 833 F.2d 1147, 1154 (5th Cir. 1987)). The Second Superseding Indictment sets forth how Riley Graham led the conspiracy and directed the actions of Crawford and Mark Day, specifically, for the duration of the enterprise. The Second Superseding Indictment further describes how the remaining co-defendants performed various acts to further the scheme to defraud and leveraged the MDFT fraud. Accordingly, the participants are sufficiently overlapping to support a single conspiracy. The court, thus, finds that the Second Superseding Indictment, as alleged, charges a single conspiracy and is not duplicitous.

Moreover, Sims's claim that she was not involved in the 2019 investment solicitations or the 2020 SBA applications is irrelevant. As the Fifth Circuit has observed:

> "It is not crucial to the existence of a conspiracy that each conspirator participate in every phase of the criminal venture. Nor is it necessary for each conspirator to have knowledge of the identity and role of each of his coconspirators. The unity essential to a conspiracy is derived from the assent of its members to contribute to a common enterprise."

*United States v. Merida*, 765 F.2d 1205, 1218 (5th Cir. 1985) (quoting *United States v. Grassi*, 616 F.2d 1295, 1303 (5th Cir. 1980)); *accord United States v. Lopez*, 582 F. App'x 438, 448 (5th Cir. 2014) ("There is no requirement that every member must participate in every transaction to find a single conspiracy."). Indeed, the fact that "different combinations of conspirators participated in different transactions . . . does not prevent all of the transactions from being part of the same series of transactions for purposes of joinder." *Merida*, 765 F.2d at 218. Sims highlights the issue of whether the "Government can prove that Sims joined the single conspiracy

charged." The extent of Sims's participation, if any, in the alleged conspiracy is a matter for the jury to determine.

As Sims correctly noted, the Government is not required to allege or prove an overt act for a charge under 18 U.S.C. § 1349. *United States v. Hoffman*, 901 F.3d 523, 542 n.10 (5th Cir.) ("[S]ection 1349 conspiracy does not require an overt act." (citing *United States v. Sanjar*, 876 F.3d 725, 737 (5th Cir. 2017))), *as revised* (Aug. 28, 2018). Because the court finds that Count One sets forth a single conspiracy, Sims's alternative request for jury instructions regarding unanimity is without basis. In any event, a request for jury instructions within a motion to dismiss the indictment is premature.

B. Bill of Particulars

Sims, in the alternative, requests a Bill of Particulars from the Government.[2] Nonetheless, a bill of particulars "is not a matter of right, and the district court exercises discretion in granting or denying a defendant's motion." *United States v. Davis*, No. H-14-171S-12, 2014 WL 6679199, at *3 (S.D. Tex. Nov. 25, 2014) (citing *United States v. Williams*, 679 F.2d 504, 510 (5th Cir. 1982)). Courts "should only grant a bill of particulars when the information is necessary for the defendant to prepare for trial." *United States v. Quiroz*, No. 421CR00334ALMCAN2,

---

[2] Sims requests that the court direct the Government to answer the following regarding the Second Superseding Indictment in a Bill of Particulars:

1. The Government identify the approximate period during which it alleges she joined and participated in the charged agreement, and whether it attributes to her an agreement encompassing the investor solicitations, the SBA applications, or both, in addition to the Carolina's Contracting acquisition.
2. Identification of the scope of the charged agreement, not every witness, exhibit, or item of proof. If existing discovery already supplies these particulars with sufficient clarity, Sims requests that the Government identify the responsive materials by production reference.

2022 WL 3223983, at *2 (E.D. Tex. July 15, 2022) (quoting *United States v. Mathis*, No. 4:19-cr-00265, 2020 WL 7409089, at *1 (E.D. Tex. Nov. 3, 2020)), *adopted by* No. 4:21-CR-334, 2022 WL 3223179 (E.D. Tex. Aug. 9, 2022). A bill of particulars is not required if a defendant is otherwise provided with sufficient information to enable her to prepare her defense and avoid surprise. *United States v. Moody*, 923 F.2d 341, 351 (5th Cir. 1991); *United States v. Levergne*, 805 F.2d 517, 521 (5th Cir. 1986). Hence, "if the indictment is sufficient, a district court does not abuse its discretion if it denies a motion for a bill of particulars." *Davis*, 2014 WL 6679199, at *3 (citing *United States v. Beebe*, 792 F.2d 1363, 1366 (5th Cir. 1986)). "Generally, the fact that the requested information may be useful to the defendant does not, alone, establish the need for a bill of particulars." *Davis*, 2014 WL 6679199, at *3 (citing *United States v. Strawberry*, 892 F. Supp. 519, 526 (S.D.N.Y. 1995)). Instead, the court "must balance the needs of the defendant against the [G]overnment's right not to disclose its witnesses, evidence[,] or legal theories." *United States v. Shults*, No. 3:14-CR-00298-M, 2018 WL 5023779, at *1 (N.D. Tex. Sept. 18, 2018) (first alteration in original) (quoting *United States v. Campbell*, 710 F. Supp. 641, 642 (N.D. Tex. 1989)).

In this case, the court finds that the details requested by Sims are not necessary to inform her of the charge against her, to allow her to prepare a defense, or to permit her to invoke double jeopardy. *See United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978); *Shults*, 2018 WL 5023779, at *1; *United States v. Fatty*, No. CR 17-161, 2018 WL 3708660, at *5 (E.D. La. Aug. 3, 2018). Indeed, the indictment sets forth sufficient information regarding the charged offense such that Sims will be able to prepare an adequate defense. The indictment closely tracks the language of the statute at issue. It also appears to be sufficiently detailed to enable Sims to

challenge any subsequent prosecution based on double jeopardy. Further, the Government has provided extensive discovery, including twelve productions. This information, in addition to Sims's personal knowledge of the time period and the circumstances surrounding the events charged, convince the court that she will not be surprised at trial. *See Shults*, 2018 WL 5023779, at *1; *Campbell*, 710 F. Supp. at 642 (denying the defendant's motion for a bill of particulars where the government's open-file discovery policy left "very little if anything" that the defendant would not obtain through legitimate disclosure devices). Given the information in the Second Superseding Indictment (#225) and the Bill of Particulars (#278), Sims's request for a Bill of Particulars is denied.

III. Conclusion

In accordance with the foregoing, Sims's Motion to Dismiss (#404) is DENIED.

SIGNED at Beaumont, Texas, this 20th day of November, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE